<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT F. WILLIAMS, | No. 23cv1513 (EP) (MAH) |
| Plaintiff, | |
| v. | **OPINION** |
| GUY CIRILLO, et al., | |
| Defendants. | |

**PADIN, District Judge.**

Plaintiff, a state prisoner in Bayside State Prison, New Jersey, filed a pro se Complaint pursuant to 42 U.S.C. § 1983 against Defendants Essex County Correctional Facility ("ECCF") Warden Guy Cirillo, ECCF Director Ronald L. Charles, ECCF Officer X. Carbone, and ECCF Officer X. Greene (collectively "Defendants") for allegedly failing to protect him from another inmate's assault.  D.E. 1 ("Compl." or "Complaint"); *see also* D.E. 1-3 ("Pl. Aff.").  Because Plaintiff has been granted *in forma pauperis* ("IFP") status, D.E. 6, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2).

For the reasons below, the Court will **DISMISS** the Complaint **without prejudice** for failure to state a claim.  Plaintiff may submit a proposed Amended Complaint for the Court's review within 45 days.  Because the Complaint has been dismissed, the Court will also **DENY** Plaintiff's motion to appoint pro bono counsel without prejudice.  D.E. 7.

## I.        BACKGROUND

Plaintiff was detained in ECCF in October 2021.  Pl. Aff. at 1.  On October 8, 2021, Nathaniel Moore, an inmate "that came from a federal prison complex," was placed into Plaintiff's cell in Unit 2-B-1.  *Id.*  Officer Carbone and Officer Green supervised the unit.  *Id.*  Plaintiff states that he "was looking under the bed for something regarding [his] paperwork.  Upon standing back up and turning around, [Moore] stood in front of [Plaintiff] with [Moore's] privates exposed."  *Id.*  According to Plaintiff, Moore "had this menacing threatening look on his face and proceeded to threaten [Plaintiff]."  *Id.*  Moore then physically and sexually assaulted Plaintiff.  *Id.*  Plaintiff did not tell anyone about the assault because he "thought this would only be a onetime incident" and "feared being labeled a jailhouse snitch."  *Id.*

The next day, "Moore's demeanor became increasingly aggressive."   Moore again physically and sexually assaulted Plaintiff.  *Id.*  Plaintiff left the cell at the first opportunity and reported the incident to Officer Carbone.  *Id.*  Plaintiff was placed into the gym while Officer Carbone arrested Moore.  *Id.*

Plaintiff later testified about the assault at a court line hearing.  *Id.*  The hearing officer concluded that Moore had assaulted Plaintiff.  *Id.*  Internal Affairs began investigating and took Plaintiff's jumper for DNA testing.  *Id.*  Plaintiff "vehemently expressed to the Internal Affairs Officers that [he] wanted to press criminal charges against" Moore but "never received any kind of response from the Internal Affairs Investigators despite corresponding with them [on] two different occasions on the county jail assigned tablets."  *Id.*

Plaintiff alleges Defendants violated the Eighth Amendment's ban on cruel and unusual punishment by failing to protect him from Moore's assault.  Compl. at 4.  Plaintiff claims Moore was "moved into [Plaintiff's] cell without the proper screening or classification to show that

[Moore] was a Federal prisoner with violent tendencies." *Id.* Plaintiff seeks punitive and compensatory damages. *Id.* at 6.

## II.    LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires a district court to *sua sponte* screen a civil Complaint filed by a prisoner proceeding IFP for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, ___ F. 4th ___, 2023 WL 6108591, at *2 (3d Cir. Sept. 19, 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

3

### III.     ANALYSIS

#### A.     Plaintiff Has Not Stated a Claim for Failing to Protect Him From Moore

Plaintiff alleges Defendants violated the Eighth Amendment by failing to protect him from being assaulted by Moore.  Compl. at 5.  He alleges deliberate indifference based on Defendants' failure to properly screen Moore before placing him into Plaintiff's cell.  *Id.*

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotation marks omitted).  "As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials 'a duty to protect prisoners from violence at the hands of other prisoners.'"  *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (quoting *Farmer*, 511 U.S. at 833), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020).  To state a claim for damages against Defendants for failing to protect him from inmate violence,[1] Plaintiff "must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm."  *Id.*  Plaintiff has not sufficiently pled the second element, *i.e.*, that Defendants were deliberately indifferent to a substantial risk to his health and safety.

---

[1] It is unclear to the Court whether Williams was a pretrial detainee or a convicted prisoner in October 2021.  His status is relevant because the Eighth Amendment only applies to convicted prisoners; pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  However, the Third Circuit "has applied the same standard to a failure-to-protect claim under the Fourteenth Amendment as under the Eighth Amendment."  *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 n.4 (3d Cir. 2014) (citing *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004)). Therefore, the Court will conduct its review using the Eighth Amendment standard.

"'Deliberate indifference' in this context is a subjective standard: 'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). "It is not sufficient that the official should have known of the risk." *Id.* Here, Plaintiff has not provided any facts that would allow the Court to plausibly infer that Defendants knew that Moore posed a risk to his cellmates and consciously disregarded that risk.

Nor are there any facts that would suggest that Defendants failed to properly screen Moore before placing him in Plaintiff's cell. For example, Plaintiff does not allege that Moore had a history of sexually abusive or other violent behavior that would have been discovered as part of the screening required by the Prison Rape Elimination Act ("PREA"). *See* 28 C.F.R. § 115.41(a) ("All inmates shall be assessed during an intake screening and upon transfer to another facility for their risk of being sexually abused by other inmates or sexually abusive toward other inmates.").[2] Plaintiff alleges Moore was 6'1" and weighed approximately 260 pounds, Pl. Aff. at 1, but Moore's height, weight, and status as a federal prisoner are not facts from which one could plausibly infer Moore posed a threat to other inmates' health and safety. *See Farmer*, 511 U.S. at 842 (allowing for an inference of knowledge by circumstantial evidence).

Defendants' failure to file criminal charges against Moore also does not show that they were deliberately indifferent to Plaintiff's injuries. "The ability to bring criminal charges lies

---

[2] "PREA does not create a private cause of action and claims alleging violations of the PREA are not cognizable under § 1983." *Bey v. N.J. Dep't of Corr.*, 2018 WL 5784999, at *3 (D.N.J. Nov. 5, 2018). However, this "does not mean that [PREA] and the national standards are meaningless in litigation. If a prisoner has a constitutional cause of action, such as for a deliberate indifference to dangerous conditions of confinement, the fact that a prison facility may have failed to adopt and enforce the national standards may, or may not, be evidence of deliberate indifference depending on the circumstances." *Walsh v. N.J. Dep't of Corr.*, 2017 WL 3835666, at *3 n.5 (D.N.J. Aug. 31, 2017).

solely with the prosecutors in the executive branches of the state and federal governments." *Bethea v. Casino*, 2016 WL 7424116, at *3 (D.N.J. Dec. 23, 2016). The named Defendants are not state prosecutors; they do not have the ability to file criminal charges against Moore. The Court could also not construe Plaintiff's claims as being filed against the Essex County Prosecutor's Office because "[w]hether to file criminal charges against an individual lies within a prosecutor's sole discretion." *Edwards v. Mayer*, 2021 WL 3080449, at *3 (D.N.J. July 21, 2021). *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Plaintiff has not alleged enough facts that would allow the Court to plausibly infer that each Defendant violated his constitutional rights. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) ("A plaintiff must portray specific conduct by state officials which violates some constitutional right.").[3] Indeed, the facts in the Complaint allege that Officer Carbone arrested Moore shortly after Plaintiff reported the assaults on October 9, 2021 and that Plaintiff's jumper was taken for DNA analysis. Pl. Aff. at 1. These facts suggest that ECCF officials took Plaintiff's claims seriously upon learning of the assaults. Therefore, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    The Court Will Grant Plaintiff Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview*

---

[3] Plaintiff may not rely on Warden Cirillo's and Director Charles' status as supervisors to state a claim against them. "In advancing any § 1983 claim against prison officials, a plaintiff may not rely solely on a *respondeat superior* theory of liability. Rather, a plaintiff must aver facts to show the defendants' personal involvement in the alleged misconduct[, which] requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

*State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Because Plaintiff may be able to allege facts that would cure the deficiencies identified above, the Court will grant Plaintiff 45 days to submit a proposed Amended Complaint.  The proposed Amended Complaint will be subject to this Court's § 1915 review prior to service.  Failure to submit a proposed Amended Complaint within 45 days of the accompanying Order may result in dismissal with prejudice.

Plaintiff should note that the Amended Complaint will supersede the Complaint.  When the Amended Complaint is filed, the Complaint is inoperative and cannot be utilized to cure the Amended Complaint's defects unless the relevant portion is specifically incorporated.  6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted).  The Amended Complaint may adopt some or all the allegations, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an Amended Complaint that is complete in and of itself.  *Id.*

## IV.    CONCLUSION

For the reasons stated above, the Court will **DISMISS** the Complaint **without prejudice** and **DENY without prejudice** Plaintiff's motion to appoint pro bono counsel.  Plaintiff may submit a proposed Amended Complaint within **45 days** of the accompanying Order.

An appropriate Order accompanies this Opinion.

**10/17/2023**
Date

Evelyn Padin, U.S.D.J.